UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20794-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELKIN DARIO GUERRERO-AGAMEZ,
    a/k/a "El Brujo,"

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for a Sentence Reduction Pursuant to Federal Rule Criminal Procedures Rule 35(B) [sic] (DE#516, 04/23/2013) filed by defendant Elkin Dario Guerrero-Agamez, pro se. Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Motion for a Sentence Reduction Pursuant to Federal Rule Criminal Procedures Rule 35(B) [sic] (DE# 516, 04/23/2013) is **DENIED**.

The defendant was sentenced to a term of 228 months[1] of imprisonment, a term of five years of supervised release and a $100 assessment. See Judgment in a Criminal Case (DE# 284, 02/24/2010). The defendant argues that he is entitled to a reduction in his sentence because he provided "substantial assistance" to the United States through "intensified cooperation" and that the government has not moved for a reduced sentence due to an "unconstitutional motive." Defendant's Motion for a Sentence Reduction Pursuant to Federal Rule Criminal Procedures Rule 35(B) [sic] (DE# 516, 04/23/2013). The government opposes the defendant's motion on two grounds: (1) "defendant fails to cite to any specific unconstitutional motivation for the government's inaction" (2) "the government does not believe that the defendant's assistance to the United States has risen to the level of substantial assistance warranting a sentence reduction pursuant to Rule 35." See

---

[1] In his motion, the defendant states he was sentenced to a term of 235 months of imprisonment. See Motion for a Sentence Reduction Pursuant to Federal Rule Criminal Procedures Rule 35(B) [sic] (DE#516 at 1, 04/23/2013).

Government's Response to Defendant's Motion for a sentence Reduction Pursuant to Federal Rule of Criminal Procedures Rule 35(B) (DE# 521 at 2, 05/20/2013). The defendant filed a reply on June 28, 2013. See Petitioner's Response to the Courts Order Dated, May 15, 2013 [sic] (DE# 523, 06/28/2013). In his reply, the defendant incorrectly notes that the government did not file a timely response to the instant motion. Id. at 2. The defendant's reply details some of the ways in which he alleges he assisted the government. He does not provide any details on the government's alleged unconstitutional motive for not filing a Rule 35(b) motion.

"The government may, but is not required to, file a motion to reduce the sentence of a defendant who has rendered substantial assistance." United States v. Chiesa, 245 F. App'x 918, 919 (11th Cir. 2007). "Both §3553(e) and §5k1.1 give the government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). "Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Id. at 185. "Judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F. 3d 1492, 1502 (11th Cir. 1993) citing Wade, 504 U.S. at 185. In the instant case, the defendant has not made a substantial showing that the government's reason for not filing a Rule 35 motion was based on an unconstitutional motive.

**DONE AND ORDERED** in Chambers at Miami, Florida this **9th** day of July, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

Copies mailed to:
Elkin Dario Guerrero-Agamez
#82530-004
Federal Correction Institution
P.O. Box 2000
Fort Dix, N.J. 08640